MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

JENNIFER R. BUSH (CSB No. 229370)
jbush@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Plaintiff
DocuSign, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DOCUSIGN, INC., | Case No.: _____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR FRAUDULENT MISREPRESENTATION; DECLARATORY JUDGMENT REGARDING PATENT NON-INFRINGEMENT** |
| v. | |
| PAUL C. CLARK, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff DocuSign, Inc. ("DocuSign") files this Complaint for Fraudulent Representation and Declaratory Judgment against Defendant Paul Clark ("Dr. Clark" or "Defendant") and alleges the following:

**NATURE OF THE ACTION**

1.    This is an action for fraudulent representation by Dr. Clark in an engagement agreement between Dr. Clark and DocuSign (the "Parties"). On March 12, 2019, the Parties entered into an agreement (the "Agreement") for Dr. Clark to serve as an expert witness in connection with a litigation styled as *RPost Holdings, Inc. et al. v. DocuSign, Inc.*, Civil Action

No. 2:12-cv-683-JRG (the "RPost Litigation"). *See* Exhibit A, Executed Expert Consulting Agreement.

2. As part of the Agreement, Dr. Clark represented that he had "conducted a comprehensive conflicts of interest search and analysis and confirms that neither he nor his company has a conflict of interest in connection with this matter." Ex. A, p. 3. An attorney for DocuSign executed the Expert Consulting Agreement on March 12, 2019 on behalf of DocuSign. Ex. A, p. 4.

3. Defendant Dr. Clark concealed the fact that at the time he held three issued patents (the '066, '957, '214 patents) that he either believed to be infringed by DocuSign, or had failed to form such a belief notwithstanding his representation that he had conducted a "comprehensive conflict of interest search and analysis." An undisclosed conflict of interest therefore existed in violation of the Expert Consulting Agreement. This fact is evident by the Complaint Dr. Clark filed on April 12, 2021 in the District Court for the District of Columbia, which contains claims of infringement for three patents. *See* Exhibit B, D.D.C. Complaint. For example, Dr. Clark failed to identify the '066, '957, '214 patents as potential conflicts to Dr. Clark's engagement as an expert consultant for DocuSign. In the D.D.C. Complaint, Dr. Clark noted his engagement as an expert witness for DocuSign. Exhibit B at ¶ 3.

4. This is an action for a declaratory judgment relating to U.S. Patent Nos. 8,695,066 (the "'066 patent"); 9,391,957 (the "'957 patent"); and 10,129,214 (the "'214 patent (collectively the "patents-in-suit") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code. Specifically, DocuSign seeks a declaratory judgment of non-infringement as to the '066, '957, '214 patents. An actual, substantial, and continuing justiciable controversy exists between DocuSign and Dr. Clark.

5. The declaratory judgment action is thus part and parcel of the fraudulent misrepresentation action, and arises at least in part out of Dr. Clark's misrepresentation and DocuSign's reliance thereon.

## PARTIES

6. Plaintiff DocuSign, Inc. is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of busines at 122 Main Street, San Francisco, CA 94105.

7. On information and belief, Defendant Paul Clark is an individual who resides in Bethesda, Maryland.

## JURISDICTION AND VENUE

8. This is a civil action for fraudulent misrepresentation action under California Civil Code § 1572; and regarding allegations of patent infringement under patent law of the United States, Title 35 of the United States Code, in which DocuSign seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 1 et seq.

9. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. An actual controversy exists between DocuSign and Defendant by virtue of Defendant's assertion of rights under the patent-in-suit based on certain ongoing activity by DocuSign.

11. Subject matter jurisdiction is proper over the fraudulent misrepresentation claim, based on diversity of citizenship under 28 U.S.C. § 1332. DocuSign, the Plaintiff, is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of California. Thus, DocuSign is a citizen of both Delaware and California under 28 U.S.C. § 1332(c)(1). Defendant Dr. Clark is a citizen of the state of Maryland. Thus, DocuSign and Dr. Clark are citizens of different states under 28 U.S.C. § 1332(a)(1). The amount in controversy is more than $75,000, not counting interest and costs of court, at least because the amount paid to Dr. Clark by DocuSign, based on the engagement agreement in which the fraudulent representation was made, was over $75,000. *See* 28 U.S.C. § 1332(a).

12. Subject matter jurisdiction is also proper over the patent non-infringement claims as an actual patent law controversy exists under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Dr. Clark filed a Complaint of patent infringement against DocuSign in the District Court for the

District of Columbia, where venue is not proper. DocuSign does not believe that it infringes any of Dr. Clark's patents.

13. Personal jurisdiction over Defendant is proper in this District because it has availed itself of the rights and benefits of the laws of California. In particular, Defendant has chosen to conduct business within the Northern District of California. Defendant entered into expert consulting agreement contracts with DocuSign, headquartered in San Francisco, California, and received payment for those contracts. Personal jurisdiction over Defendant is proper in this District because the cause of action arises out of Defendant's contacts with California by way of those contracts and payment.

## INTRADISTRICT ASSIGNMENT

14. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

## FACTUAL BACKGROUND

15. On April 8, 2014, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 8,695,066 ("the '066 patent") entitled "System and Method for Secure Communication Between Domains." The '066 patent states on its face that it was filed on June 25, 2012. The '066 patent is a continuation of application No. 09/568,215, filed on May 9, 2000, now abandoned. A true and correct copy of the '066 patent is attached to this Complaint as Exhibit C.

16. On July 12, 2016, the USPTO" issued U.S. Patent No. 9,391,957 ("the '957 patent") entitled "System and Method for Secure Communication Between Domains." The '957 patent states on its face that it was filed on April 7, 2014. The '957 patent is a continuation of application No. 13/532,246, filed on June 25, 2012, now U.S. Patent No. 8,695,066, and a continuation of application No. 09/568,215, filed on May 9, 2000, now abandoned. A true and correct copy of the '957 patent is attached to this Complaint as Exhibit D.

17. On November 13, 2018, the USPTO issued U.S. Patent No. 10,129,214 ("the '214 patent") entitled "System and Method for Secure Communication Between Domains." The '214 patent states on its face that it was filed on July 6, 2016. The '214 patent is a continuation of application No. 14/246,477, filed on April 7, 2014, now U.S. Patent No. 9,391,957, which is a

continuation of application No. 13/532,246, filed on June 25, 2012, now U.S. Patent No. 8,695,066, and a continuation of application No. 09/568,215, filed on May 9, 2000, now abandoned.  A true and correct copy of the '214 patent is attached to this Complaint as Exhibit E.

18. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202 as to each of the patents-in-suit.

19. On March 12, 2019, the Parties entered into the Agreement for Dr. Clark to serve as an expert witness in connection with the RPost Litigation.  *See* Ex. A, Executed Expert Consulting Agreement.

20. As part of the Agreement, Dr. Clark represented that he had "conducted a comprehensive conflicts of interest search and analysis and confirms that neither he nor his company has a conflict of interest in connection with this matter."  Ex. A, p. 3.

21. Dr. Clark did not disclose the existence of any of the patents-in-suit, all of which had issued before the Agreement execution date, March 12, 2019.

22. On April 12, 2021, Defendant filed a complaint for patent infringement in the United States District Court for the District of Columbia, in a case captioned, *Paul C. Clark v. DocuSign, Inc.,* Case No. 21-cv-01007-DLF (the "DC action").  *See* Ex. B.

23. Based on the foregoing, a justiciable controversy exists between DocuSign and Defendant as to whether DocuSign infringes the patents-in-suit.  Absent a declaration of noninfringement or release of all claims, Defendant will continue to wrongly assert the patents-in-suit against DocuSign, and thereby cause DocuSign irreparable harm.

24. A justiciable controversy also exists between DocuSign and Defendant based on Dr. Clark's fraudulent misrepresentation in the Agreement that he had conducted a comprehensive conflicts of interest search and had no conflict of interest in connection with the matter.

25. Dr. Clark induced DocuSign into entering into a contract by representing that he "conducted a comprehensive conflicts of interest search and analysis and confirms that neither he nor his company has a conflict of interest in connection with this matter." Ex. A, p. 3.

26. Dr. Clark's fraudulent representation occurred on March 12, 2019, when Dr. Clark executed the Agreement.

27. Dr. Clark's assertions and representations of facts were knowingly false and made with the intent that DocuSign rely on his false representations in order to deceive DocuSign so that Dr. Clark could be hired as an expert for DocuSign for profit.

28. Based on Dr. Clark's professional experience, DocuSign justifiably and reasonably relied on the representations, promises, and assertions made by Dr. Clark in inducing DocuSign to engage Dr. Clark as a paid expert.

29. Plaintiffs did in fact rely on Dr. Clark's misrepresentation when they hired him, and have been damaged in an amount to be proven at trial. In addition, Plaintiffs' damages as a result of Dr. Clark's fraudulent and deceitful acts are ongoing and increasing due to Dr. Clark's patent infringement suit and costs for the legal defense of the same.

30. Dr. Clark's fraudulent representation in the Agreement has directly led to this action. By withholding information regarding his known conflicts, Dr. Clark has forced DocuSign to take broad preventative action in the present declaratory judgment Complaint.

**COUNT I: FRUADULENT MISREPRESENTATION**

31. DocuSign restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 30 above, as if fully set forth herein.

32. Dr. Clark willfully and intentionally engaged in fraud and misrepresentation as defined by California Civil Code § 1572.

33. Dr. Clark induced DocuSign into entering into a contract by representing that he "conducted a comprehensive conflicts of interest search and analysis and confirms that neither he nor his company has a conflict of interest in connection with this matter." Ex. A, p. 3.

34. Dr. Clark's fraudulent representation occurred on March 12, 2019, when Dr. Clark executed the Agreement.

35. Dr. Clark's assertions and representations of facts were not true, Dr. Clark did not believe his assertions and representations to be true, and Dr. Clark made such representations recklessly and without regard for the truth.

36. Dr. Clark intentionally suppressed from DocuSign the true facts that he held patents that he believed DocuSign infringed, which presented a conflict of interest. Dr. Clark intentionally suppressed from DocuSign the true facts that a conflict existed, so that DocuSign would engage Dr. Clark as an expert for payment.

37. Dr. Clark's representations with DocuSign in regard to potential conflicts were knowingly false and made with the intent that DocuSign rely on his false representations in order to deceive DocuSign so that Dr. Clark could be hired as an expert for DocuSign for profit.

38. Based on Dr. Clark's professional experience, DocuSign justifiably and reasonably relied on the representations, promises, and assertions made by Dr. Clark in inducing DocuSign to engage Dr. Clark as a paid expert.

39. Plaintiffs have been damaged in an amount to be proven at trial as a result of Dr. Clark's fraudulent and deceitful actions in misrepresenting his conflicts. In addition, Plaintiffs' damages are a result of Dr. Clark's fraudulent and deceitful acts are ongoing and increasing due to Dr. Clark's patent infringement suit and costs for the legal defense of the same.

**COUNT II: DECLARATORY RELIEF REGARDING
NON-INFRINGEMENT OF U.S. PATENT NO. 8,695,066**

40. DocuSign restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 39 above, as if fully set forth herein.

41. Defendant contends that DocuSign has or is infringing one or more claims of the '066 patent.

42. On information and belief, Defendant claims to be the owner of all right, title, and interest in the '066 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

43. DocuSign does not infringe any claim of the '066 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of DocuSign's products or services.

44. As set forth above, an actual and justiciable controversy exists between DocuSign and Defendant as to DocuSign's noninfringement of the '066 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 M§§ 2201 *et seq.*, DocuSign requests that this Court enter a judgment that DocuSign does not infringe under any theory of infringement, any valid claim of the '066 patent.

### COUNT III: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 9,391,957

46. DocuSign restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 45 above, as if fully set forth herein.

47. Defendant contends that DocuSign has or is infringing one or more claims of the '957 patent.

48. On information and belief, Defendant claims to be the owner of all right, title, and interest in the '957 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

49. DocuSign does not infringe any claim of the '957 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of DocuSign's products or services.

50. As set forth above, an actual and justiciable controversy exists between DocuSign and Defendant as to DocuSign's noninfringement of the '957 patent.

51. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, requests that this Court enter a judgment that DocuSign does not infringe under any theory of infringement, any valid claim of the '957 patent.

### COUNT IV: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 10,129,214

52. DocuSign restates and incorporates by reference each of the allegations set forth in paragraphs 1 through 51 above, as if fully set forth herein.

53. Defendant contends that DocuSign has or is infringing one or more claims of the '214 patent.

54. On information and belief, Defendant claims to be the owner of all right, title, and interest in the '214 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

55. DocuSign does not infringe any claim of the '214 patent, directly or indirectly, contributorily or otherwise, through its or its customer's activities in conjunction with any of DocuSign's products or services.

56. As set forth above, an actual and justiciable controversy exists between DocuSign and Defendant as to DocuSign's noninfringement of the '214 patent.

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, requests that this Court enter a judgment that DocuSign does not infringe under any theory of infringement, any valid claim of the '214 patent.

## PRAYER FOR RELIF

WHEREFORE, DocuSign prays for a declaratory judgment against Defendant as follows:

A. Judgment in favor of DocuSign and against Defendant on all causes of action alleged in this Complaint;

B. For a judicial determination and declaration that DocuSign has not infringed and is not infringing, directly or indirectly, any claim of the patents-in-suit;

C. A declaration that DocuSign's case against Defendant is an exceptional case within the meaning of 35 U.S.C. § 285;

D. An award of costs and attorneys' fees to DocuSign;

E. For recovery of actual and compensatory damages, according to proof at trial;

F. For an award of restitution, according to proof at trial;

G. For an award of punitive damages, according to proof at trial;

H. For an award of costs, expenses and reasonable attorneys' fees incurred by Plaintiff in bringing and prosecuting this Complaint;

I. Prejudgment and post-judgment interest as provided by law; and

J. Such other and further relief as the Court deems just and reasonable.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Dated: June 22, 2021

FENWICK & WEST LLP

By: */s/ Michael J. Sacksteder*
    Michael J. Sacksteder

Attorneys for Plaintiff
DocuSign, Inc.